UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JAVON CROCKETT-BERRY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:21-cv-02539-JMS-MJD |
| ) | |
| JONES, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Plaintiff Javon Crockett-Berry alleges in this civil rights lawsuit that, when he was confined at New Castle Correctional Facility ("NCCF") defendant Counselor Jones denied him a mattress and retaliated against him, that Sergeant Worth denied him his medical shoes, and that Dr. Falconer denied him his medications. Defendants Jones and Worth seek summary judgment on Mr. Crockett-Berry's claims against them, arguing that he failed to exhaust his available administrative remedies before filing this lawsuit as required by the Prison Litigation Reform Act.[1] For the reasons below, that motion is **GRANTED**.

**I.
Standard of Review**

Parties in a civil dispute may move for summary judgment, which is a way of resolving a case short of a trial. *See* Fed. R. Civ. P. 56(a). Summary judgment is appropriate when there is no genuine dispute as to any of the material facts, and the moving party is entitled to judgment as a matter of law. *Id.*; *Pack v. Middlebury Comm. Sch.*, 990 F.3d 1013, 1017 (7th Cir. 2021). A "genuine dispute" exists when a reasonable factfinder could return a verdict for the nonmoving

---

[1] Defendant Dr. Falconer has withdrawn the exhaustion defense. Dkt. 33.

party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Material facts" are those that might affect the outcome of the suit. *Id.*

When reviewing a motion for summary judgment, the Court views the record and draws all reasonable inferences from it in the light most favorable to the nonmoving party. *Khungar v. Access Cmty. Health Network*, 985 F.3d 565, 572-73 (7th Cir. 2021). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). The Court is only required to consider the materials cited by the parties, *see* Fed. R. Civ. P. 56(c)(3); it is not required to "scour every inch of the record" for evidence that is potentially relevant. *Grant v. Tr. of Ind. Univ.*, 870 F.3d 562, 573-74 (7th Cir. 2017).

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). "[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id*. at 325.

In this case, Defendants Jones and Worth have met that burden through their unopposed motion for summary judgment. Plaintiff failed to respond to the summary judgment motion. Accordingly, facts alleged in the motion are "admitted without controversy" so long as support for them exists in the record. S.D. Ind. L.R. 56-1(f); see S.D. Ind. L.R. 56-1(b) (party opposing judgment must file response brief and identify disputed facts). "Even where a non-movant fails to respond to a motion for summary judgment, the movant still has to show that summary judgment

is proper given the undisputed facts." *Robinson v. Waterman*, 1 F.4th 480, 483 (7th Cir. 2021) (cleaned up).

## II.
## Factual Background

Because the defendants have moved for summary judgment under Rule 56(a), the Court views and recites the evidence "in the light most favorable to the non-moving party and draw[s] all reasonable inferences in that party's favor." *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) (citation omitted).

There was an Offender Grievance Process ("OGP") in place at the time of the incidents at issue. *See* dkt. 38-1 ¶ 5; dkt. 38-4. Inmates at NCCF are informed about and provided access to the OGP policy. Dkt. 38-1 ¶ 15-16. The OGP begins with the inmate attempting to resolve his concern informally. Dkt. 38-4 at 8-9. If the inmate is unable to resolve his complaint informally, he must file a formal grievance within ten business days of the date of the incident. *Id.* at 9. If his formal written grievance is not resolved satisfactorily, he may submit an appeal. *Id.* at 11. To complete the OGP, the inmate must then appeal to the Department Offender Grievance Manager. *Id.* at 12-13.

Mr. Crockett-Berry has filed only one formal grievance involving his allegations in this lawsuit. Dkt. 38-1 ¶ 10-11; dkt. 38-3. That grievance was responded to, and Mr. Crockett-Berry did not appeal. Dkt. 38-1 ¶ 13-14.

## III.
## Discussion

The PLRA requires that a prisoner exhaust his available administrative remedies before suing concerning prison conditions. 42 U.S.C. § 1997e(a); *see Porter v. Nussle*, 534 U.S. 516, 524−25 (2002). The "exhaustion requirement applies to all inmate suits about prison life, whether

they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter*, 534 U.S. at 532 (citation omitted). The requirement is one of "proper exhaustion" because "no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 84 (2006). This means that the plaintiff must have completed "the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Id.* at 84; *see also Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'") (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)).

      Defendants Jones and Worth have designated evidence that Mr. Crockett-Berry filed a grievance related to his claims but did not appeal the denial of that grievance. By failing to respond to the motion for summary judgment, Mr. Crockett-Berry has failed to dispute these facts. Accordingly, it is undisputed that Mr. Crockett-Berry failed to exhaust those administrative remedies that were available to him, and defendants Jones and Worth are entitled to summary judgment.

## IV.
## Conclusion

The motion for summary judgment filed by defendants Jones and Worth, dkt. [36], is **granted**. The claims against them are **dismissed without prejudice**. *See Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) (holding that "all dismissals under § 1997e(a) should be without prejudice."). No partial final judgment shall issue at this time.

The claims against defendant Dr. Falconer remain and a schedule for the development of those claims will issue separately.

Date: 10/18/2022

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

JAVON CROCKETT-BERRY
104054
PLAINFIELD - CF
PLAINFIELD CORRECTIONAL FACILITY
Inmate Mail/Parcels
727 MOON ROAD
PLAINFIELD, IN 46168

Douglass R. Bitner
Stoll Keenon Ogden PLLC
doug.bitner@skofirm.com

Joseph Thomas Lipps
BBFCS ATTORNEYS
jlipps@bbfcslaw.com